Merrimack
No. 96-514

## MARY E. SEUFERT

v.

## CHRISTOPHER J. SEUFERT

April 21, 1997

*Chamberlain & Shemitz*, of Manchester (*Michael R. Chamberlain* on the brief and orally), for the plaintiff.

*Seufert Professional Association*, of Franklin (*William J. Schultz* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

BRODERICK, J. The defendant, Christopher J. Seufert, appeals a Superior Court (*Sullivan*, J.) order granting the plaintiff's domestic violence petition. We reverse.

In June 1996, the plaintiff, Mary E. Seufert, filed a domestic violence petition in superior court. She alleged that the defendant, her husband at the time, had hit her son and demonstrated other outbursts of anger such that she was afraid for her safety and the safety of her children. The superior court entered an *ex parte* temporary restraining order and set a hearing for early July 1996.

Following the hearing, the superior court found that "the plaintiff has not established that defendant has abused" her. The court stated that the defendant had "never threatened or harmed [the plaintiff] and there's no basis for any claim of abuse of the plaintiff by the defendant." The court did, however, find that the defendant had struck the plaintiff's son, and ruled that this constituted domestic abuse. Accordingly, the court issued an order barring contact between the defendant and the plaintiff or her son. This appeal followed.

The defendant argues that the trial court erred in granting the plaintiff relief in the absence of any finding that the defendant had abused *her*. As we find this argument persuasive, we need not address the remainder of the defendant's arguments. *See Dartmouth Motor Sales, Inc. v. Wilcox*, 128 N.H. 526, 531, 517 A.2d 804, 808 (1986).

Under this State's domestic violence act, a court may grant relief "[u]pon a showing of abuse of the plaintiff by a preponderance of the evidence." RSA 173-B:4, I (1994 & Supp. 1996). "Abuse" is defined by the statute as the occurrence of one or more of several enumerated acts "between family or household members or current or former sexual or intimate partners." RSA 173-B:1, I (1994). "Family or household members" are defined to include spouses, ex-spouses, persons cohabitating with each other, and "[p]arents and other persons related by consanguinity or affinity *other than minor children who reside with the defendant*." RSA 173-B:1, II (1994) (emphasis added).

As a minor child who was residing with the defendant at the time of the incident, the plaintiff's son is specifically excluded from the class protected by the statute, and therefore the defendant's acts against the son cannot, in and of themselves, constitute "abuse" under the domestic violence statute. While striking a child may be actionable under other statutory provisions, *see, e.g.*, RSA ch. 169-C (1994 & Supp. 1996) (Child Protection Act); *but see* RSA 627:6, I (1996) (parent justified in using reasonable force for discipline), the present action was brought solely under the domestic violence statute. Similarly, while the abuse of a child could arguably "place another in fear of imminent bodily injury," RSA 173-B:1, I(b),

thereby providing the foundation for a viable domestic violence petition, the court in the present case found that the defendant had not abused the plaintiff in any way. The defendant's abuse of the plaintiff's son cannot substitute for the abuse required by the statutory scheme, as the statute expressly excludes the plaintiff's son from the scope of its coverage. *See* RSA 173-B:1, II. As the trial court found that the defendant had not abused the plaintiff, the plaintiff failed to carry her statutory burden, *see* RSA 173-B:4, and her petition should have been denied.

*Reversed.*

All concurred.